Welcome to the First Division of the First District Appellate Court of Illinois. We are here today to hear oral argument in the case of the people of the State of Illinois v. Charles Washington, Case No. 1-21-1643. I'm Judge Terry Lavin, and I'll be presiding today along with my colleagues Justice Aurelia Puchinski and Justice Mary Ellen Coghlan. We're familiar with the briefs and the record in this case and the precedent that both of you have been citing, so what we're looking for is about 15 minutes per side. The appellant should save some time for rebuttal, and that should be enough time to get to all of the issues that we need to get to. Okay, so why don't we start with the appellant. Good afternoon. May it please the court. My name is Connor Morley, and I represent Charles Washington in this case. Mr. Washington received unreasonable assistance at the second stage when his attorney argued that his claim should advance to the third stage without properly articulating or supporting those claims. This court reversed the summary dismissal of his pro se petition at the first stage and held that he stated the gist of a claim, that his plea attorney failed to preserve his right to an appeal. However, it held that his petition was imprecise, inaccurate, and poorly crafted. After the appointment of counsel at the second stage, that's still true. His claims are still inaccurate, imprecise, and poorly crafted. Counsel did nothing to flush out the claims that were in his pro se petition. Put simply, PC counsel cannot argue that these claims should advance to the third stage without properly articulating the claims and providing the necessary support so that they can advance to the third stage. The state's main argument against this is that because of the 651c certificate and the presumption of reasonable assistance, the state argues that this court should presume that counsel tried to support these claims, was unable to, and therefore stood on the petition. However, this fails for two reasons. First of all, the 651c certificate is rebutted on the record multiple times. And second of all, counsel didn't stand on the petition. How is the how is it rebutted on the record? Most blatantly, it was rebutted on the record because at the motion to dismiss, counsel argued, perhaps an evidentiary, this is her, this is a quote from the motion to dismiss, perhaps an evidentiary hearing would be merited to explore what he Washington meant when he used the term coercive use and unconstitutional use. Wasn't counsel simply explaining to the court what the pro se petitioner had put forth in his petition? I mean, she stopped short of saying it should go to an evidentiary hearing. She used perhaps and wasn't she? Is it arguable that she was characterizing what perhaps her client believed? Well, no, she said the very last thing that she says to the court, I think you would have to hear more testimony to flush out what that coercive effect in order to more fully the context of the whole paragraph. That's not what she's saying, is it? Yeah, I can read the whole paragraph. But I mean, I've read it. I'm asking you. I mean, you're focusing on one part of that. She says, I think this should advance to the third stage. So I mean, that is an argument that this should advance to the third stage so that this claim could be more fully flushed out. Also, to the point there, that's arguing the merits of the claim. What if she's wrong? That what what what is wrong? She's wrong. What if legally it shouldn't advance to the next stage? So if she says it, that's it. Is that your argument? Well, she's putting forth the argument that these claims should advance. And if she's going to put forth the argument, the claim should advance. Then she has to support the claims so that they can advance to the third stage. This is discussed in Greer, where they talk about, you know, an attorney at the trial level and rely on the presumption of innocence and say, you know, let's go to trial or let's hear this motion and make the state prove certain things. But on appeal, an attorney can't do that. They can't get up and say this should go to hearing when there's no basis for it to go to a hearing. So if she believes that this claim should go to the third stage, then she has an ethical obligation to support the claim and advance it to the third stage. However, that her her request that it should go to the third stage so this issue can be more fully flushed out also contradicts her 651 C certificate, because she said she talked to Mr. Washington to determine what his claims were. If she's seeing the exact opposite of the motion to dismiss, I don't know what his claims are. I don't know what he meant by unconstitutional use of the death penalty. So we should go to the third stage so we can figure out what he meant. So that not only contradicts the 651 C certificate, it's also an argument on the merits that it should advance. She also contradicted the 651 C certificate where she said that she meant she made all the necessary amendments to put his claims in proper legal form. But she said that she filed a blanket affidavit, which is not the courts have held multiple times the Supreme Court and Collins held that there's no such thing as a blanket affidavit. So this undermines the notion that she even understood how to properly present Washington's claims. She also said that she read the appellate materials that was in her 651 C certificate. However, at the motion to dismiss, she argued that Washington's claims were very well written quite clear and she had no trouble whatsoever understanding what his claims were. That directly contradicts this court's holding at the first stage. So well-written stops short of saying that they have merit, doesn't it? What was that? I'm sorry. Well-written does not mean that she thinks they have merit. Well, there are two separate claims there. She's contradicting her 651 C certificate by seeing that they're very well written because she said that she read the appellate materials. And if she read the appellate material, she would have read that this court ruled they're not well-written. They're imprecise, inaccurate, and inartfully drawn. And then she also makes the separate argument that they have merit and they should go to the third stage so we can fully flush out these claims. So that's the way that the 651 C certificate is rebutted. But then the second step to the state's argument that she stood on a petition also fails. As we talked about, she didn't stand on the petition. She argued that she advanced to the third stage. She also, the Maloney case or Malone that the state cites, held that an attorney's ethical obligations prohibit them from amending a petition if they don't think that the petition has merit. And she amended the petition here, which suggested to the circuit court that she thought the claims in the petition had merit. There's a third part of standing on the petition. You say she amended the petition. Are you referencing the fact that she wrote on there with respect to his affidavit? Correct. And she provided a verification affidavit. She didn't substantively amend it, right? Okay. No, none of the substantive claims were amended. She just filed a verification affidavit so that it would not be dismissed for not having a verification affidavit. However, if she concluded that the claims had no merit, then it wouldn't matter if it was dismissed for a lack of a verification affidavit. The third part of that is that some of these cases have held that you need to explain. So the proper proceeding would be don't amend the petition. You stand on the petition at the motion to dismiss, and then you explain why you didn't amend the petition. And I know there are cases- Case law that says that, is there? There are. The Malone case that the state cites said that. Pace also says that. Perry also says that. What you're saying, what you just said is in a case somewhere. Correct. It's in Pace. In what case is that? Pace, 386 Illap 3rd, 1056. And Perry, 2017. I'm sorry, what was the other name? Perry, P-E-R-R-Y, 2017 Illap 1st, 150587. Thank you. So, again, and you are correct, Justice, that not every case says you have to explain why you didn't amend the petition. However, there are some cases that explain that. And I think really here, you know, so if she would have made, if she wouldn't have said any explanation for why she didn't amend the petition, I don't think that'd be a basis to argue, you know, we wouldn't have much to argue. But she affirmatively says that she didn't amend the petition because she thought it was clearly stated. She didn't explain that she didn't amend it. She didn't suggest that amend it because it was meritless. She said she didn't amend it because she thought it was perfectly well written and there was nothing, there are no amendments to make. So that, unless there are any other questions, I'll save the rest of my time for rebuttal. Okay. Let's hear from the state. Assistant State's Attorney Amy McGowan for the people. May it please the court. By filing a 651 certificate, post-conviction counsel created the presumption that she provided the level of reasonable assistance statutorily granted by the Post-Conviction Hearing Act. And although this presumption is rebuttable, neither petitioner nor the record affirmatively rebut it. Petitioner contends that counsel failed to comply with 651's duty to make necessary amendments because she did not file an amended petition. However, this argument is based on the faulty premise that anytime counsel does not amend a petition, she is providing unreasonable assistance. And that is simply not the law. Not every petition can be amended to make a substantial showing of a constitutional violation and the duty to amend necessarily involves discretion. For example, any amendments that would only further a frivolous or non-meritorious claim are not necessary within the meaning of the act. Post-conviction counsel does not have an affirmative duty to make amendments, but the responsibility to determine if amendment is effective. Petitioner challenges counsel's failure to articulate and support claims that trial counsel was ineffective in failing to explain the moratorium and failing to file a motion to vacate. But counsel was unable to support those claims. You're not being asked to blindly presume here. We're not dealing with a silent record. Though post-conviction counsel is not required to detail her efforts, we know that she communicated with petitioner and we know that he was recalcitrant and unresponsive. He did not want to bother providing information because he felt his petition was sufficient. We know counsel read the records of petitioner and her co-defendant, his co-defendants, I'm sorry, that she conducted interviews and that her predecessor had a conversation with trial counsel. After all this investigation, they came up with no support for his claims and petitioner points to no evidence that could be used to support his claims. And that problematic because the presumption is that they asked the right questions but were unable to support. The presumption is not that they had all this helpful information they neglected to attach. If this presumption means anything, counsel has to be given the benefit of the doubt here. Requiring counsel to detail the findings of her investigation, explain why she didn't attach affidavits would effectively eliminate the presumption and put counsel in an ethical conundrum to explain facts potentially harmful to her client's claims. Despite the reasonable investigation, counsel could not support his claims and the record does not refute this. In fact, even without the presumption, petitioner can't show unreasonable performance. Counsel was not oblivious to her obligations but the record shows that she dutifully investigated and attempted to support the claims but when she couldn't, she made the professional determination that no amendments could be made. As an officer of the court, she's certified as such in compliance with Supreme Court Rule 651. I'm sorry, petitioner makes much of his counsel's comments about this blanket affidavit. While correct, blanket affidavit is not a legal term that is being taken wholly out of context. She stated that the affidavit was to cover any errors with respect to petitioner citing the incorrect statute on his verification affidavit. She didn't say it would cure errors throughout the petition or that it would take the place of an evidentiary affidavit or that she wasn't going to attempt to obtain evidence. This was simply a ministerial task to avoid procedural default and counsel's comments at the motion to dismiss hearing. She was simply disagreeing with the state. They're not her deficiency but rather that of an attorney giving it what she's got. She's making arguments of fundamental fairness and such to get her disobliging client to third stage. She's doing what she can for her client and petitioner's own affidavit is not the cure all he thinks it is. The appellate court in reversing summary dismissal excused the lack of evidence explaining that petitioner's own affidavit was unnecessary because it could not objectively and independently corroborate his claims. But while that was first stage and the burden is completely different here, the rationale still applies. Petitioner's self-serving affidavit is no more independent or objective at second stage. In his reply brief, petitioner claims that counsel should have attached an affidavit from him establishing whether he requested and provided adequate reasons to withdraw his plea. Without any support, he speculates that this would have been helpful to his claims and additionally disregards all of counsel's attempts. She discussed the 651 certificate with him. She discussed the state's motion to dismiss with him. She asked him for an affidavit and he did not want to bother. Her failure to amend was not the result of unreasonable unreasonable performance but rather her inability to substantiate his claims. So the presumption still stands and yes, petitioner is required to show prejudice because at direct issue is counsel's assessment of the claims. Her determination that amendment was not necessary. So whether the underlying claims had merit is of great importance in determining whether this assessment was reasonable. If petitioner is trying to prove that this assessment was so wrong as to provide unreasonable assistance and violate a Supreme Court rule, he has to show that had she proceeded in the way he now suggests the petition would have been successful. But he can't do that because the underlying claims were meritless. No matter how it's phrased, trial counsel's admonishment did not run of the plea involuntary and there are no viable grounds on which trial counsel could have timely sought to withdraw petitioner's plea. This is especially true where the record shows petitioner's basis to withdraw his plea was that he learned five years after the fact that the death penalty was unconstitutional when he pled guilty. That's obviously an inaccurate statement and reasonable assistance doesn't require counsel to go on a fishing expedition or make up grounds that he could have used to withdraw his plea. Additionally, any amendments here would have caused affirmative damage to his timeliness argument. This isn't a Suarez case where there's no certificate, thus no presumption, a complete dereliction of duties, obvious violation of the rule and the harm could not be quantified. Here, post-conviction counsel did everything correctly by the books. She consulted, she investigated, she conducted interviews and then made the professional determination. She certified as such and took the valid option of standing on the pro se petition advocating for her client. Counsel could not and reasonable assistance did not require her to do anything differently. In the end, the claims were non-meritorious and the petition was untimely. Just touching on the untimeliness for a second, the lower court considered the affirmative defense of untimeliness raised by the state. The court considered petitioner's lack of culpable negligence. The court dismissed the petition as untimely and that decision has not been challenged nor has counsel's conduct been challenged as it relates to untimeliness. Petitioner offers no excuse for his late filing and does not suggest any argument that counsel could have made. When a petition is filed outside the parameters of the act, the court shall dismiss it. In conclusion, counsel fulfilled the obligations under 651 and petitioner received the reasonable assistance contemplated by the act. So, for these reasons and those stated in the brief, the people ask that you affirm. Okay, no questions here. Any questions from either of my colleagues? Okay, let's hear some rebuttal. Just a couple of points. First of all, with respect to the 122-2 evidentiary affidavit, there are cases that say and the court did hold, this court held at the first stage that that wasn't required. So, what the cases hold when a 122-2 isn't required is that because the factual support that would be in that affidavit would be in the petition. So, by verifying the petition, you are doing the same thing as attaching a 122-2 affidavit. So, counsel could have amended the petition and put the necessary factual support to support Washington's claims in the petition and then just filed a verification affidavit. However, she didn't provide any of the necessary evidentiary support whatsoever. So, it's really splitting here is whether she attached the 122-2 affidavit or she put it in the petition. The bottom line is if she argues that this claim should advance to the third stage, which she did, then she has to provide that necessary support. Second, to address prejudice, and this really gets at, you know, the state filed a motion to cite Pingleton. Torres and then the discussion of Torres and Pingleton, which is actually paragraph 50, is spot on with this case. And the state pointed out multiple times, which highlights the problem with this. She said multiple times that we can't point to anything that shows that these claims have merit. To be clear, we're not arguing that these claims have merit. You can't tell from this record whether these claims have merit because of counsel's unreasonable performance. So, we're in this conundrum, you know, we're in this catch-22, which is discussed in Torres and Pingleton. So, when there's a breakdown such as this, it raises fundamental questions as to whether petitioner's claims were properly presented and jeopardizes the fairness and reliability of the proceedings. This is in Pingleton. So, the reasoning in Suarez is premised on the recognition that failure to comply with 651c could result in consequences that are difficult to ascertain, which is exactly the case here. We're not making the argument that these claims are 100% meritorious. We're making the argument that we don't know if they're meritorious and we can't buy on the presumption of reasonableness by the 651c certificate because it's rebutted. So, because counsel didn't provide the necessary evidentiary support for these claims, we don't know whether they're meritorious or not, but she argued that they should advance. So, we're left with the presumption that at least she thought there was some potential merit to these claims. So, for those reasons, unless there's any questions, we just ask that this court remand for further second stage proceedings with reasonable assistance of counsel. Okay. On behalf of my colleagues, I'd like to thank both of you for your briefs and your argument. This is a very intense underlying case and we are paying very close attention to it, and we will be back with you in short order. We are adjourned.